**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.:**

Devonn Ross, *on behalf of herself
and all others similarly situated,*

    Plaintiff,

v.

Convergent Outsourcing, Inc.
and LVNV Funding, LLC,

    Defendants.

___

**CLASS ACTION COMPLAINT AND JURY DEMAND**
___

**NATURE OF ACTION**

1. Plaintiff Devonn Ross ("Plaintiff") brings this putative class action against Defendants Convergent Outsourcing, Inc. ("Convergent") and LVNV Funding, LLC ("LVNV") (collectively "Defendants") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on behalf of herself and all others similarly situated.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Colorado, County and City of Denver.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Convergent is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Convergent is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. LVNV is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FAIR DEBT COLLECTION PRACTICES ACT

10. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

11. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *Johnson v. Riddle*, 305 F.3d 1107, 1122 (10th Cir. 2002).

12. The FDCPA is a "remedial statute," and so "should be construed liberally in favor of the consumer." *Id*. at 1117.

13. The FDCPA creates a broad prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

14. It also prohibits the use of unfair or unconscionable means to collect debts including, but not limited to, the attempt to collect amounts to which the debt collector is not legally entitled to collect. *See* 15 U.S.C. § 1692f.

15. Whether a collection letter violates the FDCPA is assessed under the least sophisticated consumer standard. "[T]he courts consider 'how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1220 (D. Kan. 2014) (quoting *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997); *see also Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

16. "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) (quoting *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

17. The Third and Eighth Circuits have "held only that an attempt to collect a time-barred debt is not a thinly veiled threat to sue." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) (citing *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3d Cir. 2011) and *Freyermuth v. Credit Bureau Servs.*, Inc., 248 F.3d 767, 771 (8th Cir. 2001)).

18. However, in *Huertas* and *Freyermuth*, "neither case, most pertinently, featured a letter offering a 'settlement.'" *Buchanan*, 776 F.3d at 400.

19. The Seventh Circuit addressed a letter offering a settlement and held:

The fact that both [debt collection] letters contained an offer of settlement makes things worse, not better, since a gullible consumer who made a partial payment

3

would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount. That is why those offers only reinforced the misleading impression that the debt was legally enforceable.

*McMahon*, 744 F.3d at 1021.

20. The recipients of a letter offering a debt settlement "would believe that if they did not immediately accept the offer, they would face legal proceedings where the full amount would be demanded. The risk here is similar: a settlement offer on a time-barred debt implies that the creditor could successfully sue on the debt." *Id.* at 1022.

21. A debt settlement offer with "respect to a time-barred debt may falsely imply that payment could be compelled through litigation. Formal and informal dictionaries alike contain a definition of 'settle' that refers to concluding a lawsuit." *Buchanan*, 776 F.3d at 399.

22. "If unsophisticated consumers believe either that the settlement offer is their chance to avoid court proceedings where they would be defenseless, or if they believe that the debt is legally enforceable at all, they have been misled, and the debt collector has violated the FDCPA." *Id.*

23. The FTC has declared: "It is a violation [of § 1692e] to send any communication that conveys to the consumer a false sense of urgency." *Staff Commentary on the Fair Debt Collection Practices Act,* 53 Fed. Reg. 50097-50110 (Dec. 13, 1988).

### FACTUAL ALLEGATIONS

24. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt.

25. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Capital One credit card (the "Debt").

26. Convergent uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

27. LVNV purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

28. LVNV acquired the Debt after it was allegedly in default.

29. LVNV retained Convergent to collect Plaintiff's Debt on its behalf.

30. In connection with the collection of the Debt, Convergent, itself and on behalf of LVNV, sent Plaintiff a written communication dated April 13, 2015.

31. A true and accurate copy of the April 13, 2015 letter to Plaintiff is attached to this complaint as Exhibit A.

32. Convergent's April 13, 2015 letter asserted that the total amount of the Debt was $1,937.09 and offered an eighty percent (80%) discount of $387.42 as a "Settlement in Full." Exhibit A.

33. Convergent's April 13, 2015 letter also stated that the letter was a "Settlement Offer." Exhibit A.

34. Convergent's letter has the capacity to mislead the least sophisticated consumer as to the character of the debt or its enforceability.

35. The Debt was outside the statute of limitations for Defendants to take legal action to collect.

36. Upon information and belief, the Debt was over 15 years old.

37. Continuing to send collection letters on a debt over fifteen years old is, per se, unfair or unconscionable where the applicable statute of limitations is only six years.

38. Sending collection letters to collect on a time-barred debt is also deceptive and misleading, because a consumer receiving a collection letter could reasonably infer that the debt is live and valid.

39. This is especially true when the collection letter says that the collector is "willing to settle" Plaintiff's Debt, or otherwise conveys a sense that the collector has alternative means of acquiring payment on the Debt.

40. By representing that it was making a "Settlement Offer" and that it would "settle" Plaintiff's Debt, the least sophisticated consumer could read the Convergent letter as suggesting that the Debt could be enforced through judicial means, when, in fact, it could not be.

41. Convergent's letter instills a false sense of urgency by instructing Plaintiff to "call our office within 45 days of this letter" and warning that "[w]e are not required to make this offer to you in the future." Exhibit A.

42. Convergent's letter failed to clear up this potential for confusion by failing to advise Plaintiff that the Debt was outside the applicable statute of limitations period or that he could not be sued to collect it.

43. However, even if Convergent's letter had informed Plaintiff that her Debt was beyond the statute of limitations, the collection letter would continue to be unfair and unconscionable because it conflicts with the stated purpose of the FDCPA, to prevent abusive debt collection practices. *See* 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy").

44. LVNV, at all relevant times, had actual knowledge of, and control over, Convergent's collection practices.

45. Convergent's April 13, 2015 letter also offered two other "opportunities" to pay off the Debt, a "Settlement Offer of 40% & Pay Over 3 Months" and "Spread Your Payments Over 12 Months." Exhibit A.

46. "In Colorado, under [the partial payment doctrine], where a debtor voluntarily make a payment, the payment constitutes a promise to pay the remaining debt and operates to restart the statute of limitations period." *Hickerson v. Vessels*, 316 P.3d 620, 625 (Colo. 2014); *Dodge v. East,* 64 P.2d 1270, 1271 (Colo. 1937) ("[V]oluntary payments made by the debtor [interrupt] the operation of the statute of limitations.").

47. Upon information and belief, Convergent is using partial payment settlement offers as a way to restart the statute of limitations period on the entire amount owed.

## CLASS ALLEGATIONS

48. Plaintiff repeats and re-alleges all factual allegations above.

49. The April 13, 2015 letter is based on a form or template (the "Template") where Convergent sends "Settlement Offers" on debt that is barred by the statute of limitations.

50. Convergent has used the Template to send collection notices to at least 40 individuals in the State of Colorado within the one year prior to the filing of this complaint.

51. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons in the State of Colorado to whom Convergent sent, within one year before the date of this complaint and in connection with the collection of a debt, a collection letter based upon the Template upon which no suit could be filed due to it being outside the applicable statute-of-limitations.

7

52. The proposed class specifically excludes the United States of America, the State of Colorado, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Tenth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

53. The class is averred to be so numerous that joinder of members is impracticable.

54. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

55. The class is ascertainable in that the names and addresses of all class members, as well as their last dates of payment on their debts can be identified in business records maintained by Defendants.

56. In the alternative, if Defendants does not possess information regarding the last date of payment, then they had no intent to sue upon the debt, and their mailing of collection letters was simply aimed at harassing the consumer until he or she paid the debt.

57. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

58. The claims of Plaintiff are typical of the claims of the class she seeks to represent.

59. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

60. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

61. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflict with the interests of other class members.

62. Plaintiff is willing and prepared to serve this Court and the proposed class.

63. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

64. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

65. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

66. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the

same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

67. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

68. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to class members predominate over any questions affecting only individual members.

69. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e
### Convergent

70. Plaintiff repeats and re-alleges each and every factual allegation above.

71. The FDCPA forbids the use of false, deceptive, or misleading representations or means in connection with the collection of a debt as well as the false representation of the character, amount, or legal status of the debt. 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(10).

72. Convergent violated § 1692e(2)(A) by representing its April 13, 2015 collection letter as a "settlement offer" which could lead the least sophisticated consumer to believe that the debt was legally enforceable, when, in fact, it was barred by the statute of limitations.

73. Convergent violated § 1692e(10) by sending its April 13, 2015 letter which mislead Plaintiff into believing that the debt was legally enforceable in order to induce Plaintiff to make payments on the debt when, in fact, the debt was no longer legally enforceable.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Convergent violated 15 U.S.C. § 1692e with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the court may allow, but not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the court may allow for, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

    g) Awarding Plaintiff, and the class she seeks to represent, any pre-judgment and post-judgment interest as may be allowed under the law;

    h) Awarding such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f
### Convergent

74. Plaintiff repeats and re-alleges each and every factual allegation above.

75. The FDCPA forbids the use of unfair or unconscionable means in order to collect or attempt to collect the Debt. *See* 15 U.S.C. § 1692f.

76. Convergent violated § 1692f by sending Plaintiff the April 13, 2015 collection letter on a time-barred debt and using the term "settlement offer" to induce Plaintiff to make payments on a debt for fear of a lawsuit when no such lawsuit was legally possible.

77. Convergent further violated § 1692f by sending Plaintiff the April 13, 2015 collection letter on a time-barred debt and using the term "settlement offer" to induce Plaintiff to make smaller partial payments on the Debt in order to restart the statute of limitations period for the entire amount owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

    b) Adjudging that Convergent violated 15 U.S.C. § 1692f with respect to Plaintiff and the class she seeks to represent;

    c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff such additional damages as the court may allow, but not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

    e) Awarding all other class members such amount as the court may allow for, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

    f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

    g) Awarding Plaintiff, and the class she seeks to represent, any pre-judgment and post-judgment interest as may be allowed under the law;

    h) Awarding such other and further relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e
## LVNV

78. Plaintiff repeats and re-alleges each and every factual allegation above.

79. Convergent used false, deceptive, or misleading representations or means in connection with the collection of a debt in violation of § 1692e.

80. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Convergent—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that LVNV violated 15 U.S.C. § 1692e with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the court may allow, but not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the court may allow for, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff, and the class she seeks to represent, any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court deems just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692f**
**LVNV**

81. Plaintiff repeats and re-alleges each and every factual allegation above.

82. Convergent violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the Debt.

83. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Convergent—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that LVNV violated 15 U.S.C. § 1692f with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the court may allow, but not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the court may allow for, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff, and the class she seeks to represent, any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court deems just and proper.

## TRIAL BY JURY

84. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 12, 2016

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC

5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

Attorney for Plaintiff

16