**IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLORADO**

**COURT FILE NO.: 1:16-cv-00825-PAB**

Devonn Ross, *on behalf of herself
and all others similarly situated*,

      Plaintiff,

v.

Convergent Outsourcing, Inc.
and LVNV Funding, LLC,

      Defendants.

_____

**CHRISTINE PARMELEE'S
MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

     Christine Parmelee, individually and on behalf of all others' similarly situated,

submits the following memorandum of law in support of her Motion to Intervene:

**INTRODUCTION**

     The proposed certification of a nationwide settlement class in this matter will

result in little to no actual recovery for the members of the putative class, and certifying

a nationwide class is simply unnecessary and unwarranted.  Indeed, the proposed

settlement is an improper attempt by Convergent to free itself as cheaply as possible

from multiple class actions filed against it in other jurisdictions – actions that the parties

in this matter failed to apprise this Court of in seeking preliminary approval of this

matter.  Thus, Christine Parmelee requests that this Court permit her to intervene in this

matter, to contest the fairness of, and conduct discovery concerning the fairness of, the proposed settlement in this case.

## FACTUAL BACKGROUND

Christine Parmelee ("Parmelee"), is a citizen of the State of New York, from whom Defendant Convergent Outsourcing, LLC ("Convergent") attempted to collect a delinquent, time-barred consumer debt that she allegedly owed for a Citizens One Auto Finance account.  Specifically, Convergent, began trying to collect the time-barred debt by sending Ms. Parmelee collection letters dated January 18, 2016 and March 15, 2016. Defendant's letters are headed "Settlement Offer", and repeatedly mention settling the debt.  Unlike the letter at issue in this case, on the reverse side of the letter, buried at the very bottom, the letter contains the statement that:

> We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance.

See, collection letters attached as Exhibit A at pp. 2 and 4.

On January 17, 2017, Ms. Parmelee filed a Class Action Complaint in the United States District Court for the Western District of New York, in a matter styled *Parmelee v. Convergent Outsourcing, Inc.*, W.D.N.Y No. 6:17-cv-06039-CJS-JWF, setting forth that Defendant Convergent's form debt collection letter violated §1692e and §1692f of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and seeking to represent:

> . . . all persons similarly situated in the State of New York from whom Defendant attempted to collect a delinquent, time-barred consumer debt, allegedly owed for a Citizens One Auto Finance debt, via collection letters similar to those attached to the Complaint (Group Exhibit A), from one year before the date of this Complaint to the present.

2

A copy of Ms. Parmelee's Class Action Complaint is attached as Exhibit <u>B</u>.

On March 9, 2017, Defendant Convergent moved to stay Ms. Parmelee's lawsuit against it in New York, on the basis of the pending certification of a nationwide class in this matter – well before the parties here had even moved for class certification. Indeed, the parties here, by expanding the class definition to encompass a variety of different letters used by Defendant Convergent and expanding the class from Colorado-only to nationwide, now claim that Ms. Parmelee and the individuals she seeks to represent in New York are part of the putative settlement class in this action.

On April 14, 2017, the parties in this action filed a Joint Motion for Conditional Class Certification and Preliminary Approval of Class Settlement, seeking to certify a settlement class of:

> All persons in the United States to whom Convergent sent, within one year before the filing date of the original complaint in this action, a collection letter in connection with the collection of a time-bared debt that uses the term "settlement offer," proposes a partial payment on the debt, or requires the consumer to contact it within 45 days to obtain a discount on the debt.

[Dkt. 56 at p. 8]. This class definition is considerably broader than the class initially sought by Plaintiff Ross; both the initial Complaint and the First Amended Complaint sought certification of a Colorado-only class, based upon the form or "template" of the letter sent to Plaintiff Ross. [Dkt. 1 at ¶¶ 49-51; Dkt. 33 at ¶¶ 51-53].

The parties now seek to certify a nationwide class of some 3,761,584 individuals to share in a $500,000 statutory damages settlement, with an additional $500,000 in potential actual damages [Dkt. 56 at pp. 3, 11], for the unknown amount of money

Defendant Convergent has wrongfully collected on time-barred debts for its co-defendant, LVNV Funding and a number of other undisclosed clients/co-defendants.

By the terms of the proposed settlement, even if only five percent of the putative class members file claims – the parties' own "estimated response rate" [Dkt. 56 at p. 9] -- the result is that 188,079 individuals will receive a paltry $2.66 each.  Additionally, although individuals who actually paid some or all of a time-barred debt based on a deceptive and misleading collection letter may receive a return of some unknown amount of money they paid – if they file a claim form -- the parties have failed to inform this Court how much money Defendant Convergent actually collected.  Thus, it is not possible to determine whether the $500,000 in actual damages represents anything more than a mere drop in the bucket.

Moreover, the parties have utterly failed to disclose to this Court the pendency of at least six other class actions against Defendant Convergent in other jurisdictions involving various form letters used by Convergent to collect time-barred debts.  In addition to  *Parmelee v. Convergent Outsourcing, Inc.*, W.D.N.Y No. 6:17-cv-06039-CJS-JWF, Convergent (along with other debt collectors not before this Court) is a defendant in the following class action lawsuits related to its attempts to collect time-barred consumer debts via deceptive and misleading form collection letters:

- *Gill v. Convergent Outsourcing, Inc. and Midland Funding, LLC*, S.D.Ohio No. 2:16-cv-01035-MHW-EPD;

- *Vantuyl v. Convergent Outsourcing, Inc. and Galaxy International Purchasing, LLC*, W.D.Okla. No. 5:16-cv-00812-D;

- *Jordan v. Convergent Outsourcing, Inc. and Pinnacle Credit Services, LLC*, N.D.Ill. No. 1:16-cv-04566;

4

- *Estrella v. Convergent Outsourcing, Inc.*, D.Ore. No. 3:17-cv-00117-BR; and

- *Alexander v. Convergent Outsourcing, Inc.*, S.D.Tex. No. H-16-3318.

Indeed, although the letters at issue in some of these cases are not identical to the letter sent to Plaintiff Ross here – and there are additional defendants, with substantial net worths, in three of these cases – after the parties agreed to expand the definition of the class in this matter, Defendant Convergent started using the pendency of this action and its purported nationwide class to seek and/or obtain stays in some of these other matters, even before it moved to certify a nationwide class, *see*, dockets attached as Group Exhibit C: *Parmelee* at Dkt. 16, 26, 34; *Gill* at Dkt. 29; *Vantuyl* at Dkt. 28, 29; *Jordan* at Dkt. 28, 32, 40; *Estrella* at Dkt. 9; and *Alexander* at Dkt. 32.  In some of these cases, the parties have engaged in substantial litigation, particularly in *Gill*, *Vantuyl* and *Jordan*, including conducting discovery, and motions for class certification are pending in both *Gill* and *Vantuyl*, *see*, Group Exhibit C at *Gill*, Dkt. 221 , 22 and *Vantuyl*, Dkt. 21, 22.

Due to the inadequacy of the proposed nationwide class settlement and the attempt by Convergent to sweep all the class actions against it up into this single action and force other litigants in other jurisdictions into this matter with virtually no compensation for their claims, Christine Parmelee requests that this Court permit her to intervene in this matter, to contest the fairness of, and conduct discovery concerning the fairness of, the proposed settlement in this case.

### ARGUMENT

Rule 24 of the Federal Rules of Civil Procedure provides for both intervention as

a matter of right and permissive intervention, *see*, Fed.R.Civ.P. Rule (24(a) and (b).

> A movant is entitled to intervention as a matter of right if "(1) the [motion] is timely, (2) the [movant] claims and interest relating to the property or transaction which is the subject of the action, (3) the [movant's] interest may be impaired or impeded, and (4) the [movant's] interest is not adequately represented by existing parties."

*Onyx Props.LLC v. Board of County Comm'r of Elbert County*, 2013 U.S.Dist.LEXIS 115547 at [*5 ] (D.Colo. 2013), *citing*, *Oklahoma ex rel. Edmondson v. Tyson Foods*, 619 F.3d 1223, 1231 (10th Cir. 2010); *see also*, *Elliott Indus. Ltd. P'ship v. BP Am.Prod. Co.*, 407 F.3d 1091,1103 (10th Cir. 2005).[1] Additionally, a Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact", *see*, Fed.R.Civ.P. Rule 24(b)(1)(B).

## I.   The Parties Do Not Adequately Represent Ms. Parmelee's Interests, Which Will Be Impaired By The Proposed Nationwide Class Settlement

As the representative of a class under the FDCPA in her action in federal court in New York, Ms. Parmelee stands to recover damages up to $1,000 in statutory damages.  Moreover, the class of New York consumers she seeks to represent in her limited, New York-only class stand to recover up to one percent of Convergent's net worth or $500,000, whichever is less, *see*, 15 U.S.C. § 1692k(a)(2), an amount which would not be *de minimis*.

If the nationwide settlement class is certified, Ms. Parmelee will likely receive

---

[1]   There can be no question that Ms. Parmelee's motion to intervene is timely; although she first learned that the parties in this action intended to seek certification of a nationwide class on or about March 9, 2017, when Convergent filed a motion to stay her case in New York, the Joint Motion to certify the settlement class and approve the proposed settlement -- by which Ms. Parmelee first learned the terms of the proposed settlement -- was filed in this matter on April 14, 2017, less than two weeks ago.

pennies – about $2.66 if only five percent of the over three million putative members of

this broadly drawn, nationwide class claim in to the settlement.  In reversing an order

approving a class action settlement for claims brought under the FDCPA, the Seventh

Circuit noted that:

> . . . the settlement is substantively troubling. [Plaintiff] and his attorney
> were paid handsomely to go away; the other class members received
> nothing . . . and lost the right to pursue class relief.  By agreeing to a class
> definition so broad that it included anyone who was sent a letter "similar"
> to the one he had received, [Plaintiff] consented to a class of
> approximately 214,000 members, which ensured that none could recover
> much –

*Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 882 (7th Cir. 2000); *see also*, *Koby*

*v. ARS Nat'l Servs.*, 846 F.3d 1071-1075, 1079 (9th Cir. 2016)(settlement in which

named plaintiffs each received the maximum statutory damages, but the four million

class members received nothing but injunctive relief and lost the right to proceed with

claims for damages in their own actions, was not fair, reasonable and adequate);

*Gallego v. Northland Group*, 814 F.3d 123, 129-130 (2nd Cir. 2016)(upholding the

denial of  certification of a settlement class, where each class member would receive

16.5 cents if all the class members claimed in and noting that the amount would still be

"trivial' even if only 5% of the class claimed in; also noting that an expected low

participation rate of 5% "is hardly a selling point for a proposed classwide settlement");

*Rawson v. Source Receivables Mgmt.*, 2016 U.S.Dist. LEXIS 178186 at [*11]-[*17]

(N.D.Ill. 2016)(declining to approve a global class settlement that combined two smaller

classes with one much larger class, and noting that it matters because the plaintiffs in

each case are entitled to seek statutory damages up to 1% of the debt collector's net

worth).

There is simply no need for Plaintiff Ross to seek certification of a nationwide class – there is no authority for requiring the broadest possible class, and the requirements of Rule 23 of the Federal Rules of Civil Procedure encourage specific and limited class, *see*, *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997).  In *Mace*, the Court, after considering the plain language of the FDCPA, found no persuasive reason to require a nationwide class and noted, in fact that there was nothing in the statute that would prohibit a series of state-wide class actions against a debt collector, *see*, *Mace*, 109 F.3d at 342-344.; *see also*, *Sanders v. Jackson*, 209 F.3d 998, 1002 (7th Cir. 2000)(there is no provision that limits defendants being exposed to more than one FDCPA class action lawsuit); *Rawson*, 2016 U.S.Dist. LEXIS 178186 at [*12].

Indeed, it is evident that broadening the class definition benefits no one other than Defendant Convergent, allowing it to sweep all of the lawsuits against it on the various form debt collection letters it uses to collect time-barred debts from consumer ("absorb" seems to be its term of choice in the multiple motions it has filed to stay the other cases against it), into this single action, thus depriving class members of anything approaching a reasonable recovery.

The parties here seek to justify the proposed settlement by claiming that there are "issues pertaining to both liability and causation" which "present serious questions warranting a compromise of the Class Members' claims".  [Dkt. 56 at p. 16].  Although two circuits have found that an attempt to collect a time-barred debt via a form collection

letter is not actionable under the FDCPA, absent a threat of litigation, *see*, *Huertas v. Galaxy Asset Management*,  641 F.3d 28 (3rd Cir. 2011) and *Freyermuth v. Credit Bureau Services*, 248 F.3d 767 (8th Cir. 2001), the more recent trend is decidedly in consumers' favor, with courts finding that attempts to collect time-barred debts via misleading and deceptive collection letters violate the FDCPA, even without a threat of litigation, *see*, *Pantoja v. Portfolio Recovery Assocs.*, 2017 U.S.App. LEXIS 5432 at [*6]-[*16] (7th Cir. 2017); *Daugherty v. Convergent Outsourcing*, 836 F.3d 507, 509 (5th Cir. 2016); *Buchanan v. Northland Group*, 776 F.3d 393, 397 (6th Cir. 2015); and *McMahon v. LVNV Funding*, 744 F.3d 1010, 1020 (7th Cir. 2014).  Neither *Pantoja*, nor *Buchanan* were brought to this Court's attention, and the fact the Tenth Circuit has yet to rule on this issue illustrates why a nationwide class inappropriate: persons in the Third and Eight Circuits, who have no claims under the FDCPA have been lumped into a settlement with individuals in Fifth, Sixth and Seventh Circuits, who have rock-solid claims.

By agreeing to this settlement, which is wholly inadequate for everyone other than the class representative and Convergent, Ms. Parmelee believes that the putative class representative, Devonn Ross, and her counsel, do not adequately represent her, or the class', interests in this matter. The parties' attempt to absorb Ms. Parmelee's (and the class she seeks to represent), claims into this inadequate settlement class, clearly shows that she has an interest relating to the property or transaction that is the subject of this action.  Moreover, disposing this action – via an inadequate, nationwide class settlement -- may, as a practical matter, impair or impede her ability to protect her

interests.  Thus, Ms. Parmelee seeks intervention as of right in this matter, pursuant to Fed.R.Civ.P. 24(a)(2).

Alternatively, should this Court not find that Ms. Parmelee has a right to intervene in this matter, she asks that this Court permit her to intervene, pursuant to Fed.R.Civ.P. 24(b)(1)(B), because her claims under the FDCPA share a common question of law or fact, *i.e.*, whether Defendant Convergent form debt collection letters violated the FDCPA, and the parties are attempting to foreclose her ability to pursue her claims in New York.

## II.    The Proposed Settlement Is Inadequate

Ms. Parmelee's counsel has substantial experience in litigating and settling FDCPA class action cases, *see e.g.*, Declaration of David J. Philipps, attached as Exhibit D, and in counsel's experience, this is simply a bad settlement, providing the Defendant, and other unnamed debt collectors, with broad insurance against multiple claims at a deficient price, while providing little to nothing for the members of the class. This is the exact sort of settlement that the Seventh Circuit rejected in *Crawford*, *see*, *Crawford*, 201 F.3d at 882.

The Ninth Circuit recently rejected a class action settlement in an FDCPA that provided little to nothing of value to the members of the class, noting that:

> Under Federal Rule of Civil Procedure 23(e)(2), a district court may approve a class action settlement only after finding that the settlement is "fair, reasonable, and adequate."  When, as here, a class settlement is negotiated prior to formal class certification, there is an increased risk that the named plaintiffs and class counsel will breach the fiduciary obligations they owe to the absent class members.  As a result, " such agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e)

> before securing the court's approval as fair"  *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 946 (9th Cir. 2011).

*See*, *Koby*, 846 F.3d at 1079; *see also*, *Amchem Products v. Windsor*, 521 U.S. 591, 620, 138 L.Ed.2d 689, 117 S.Ct. 2231 (1997); *Smith v. Sprint Communications*, 387 F. 3d 612, 614 (7th Cir. 2004).

Indeed, the proposed method of notice – via postcard [Dkt. 56-1 at p. 6] – is a method designed to be ignored or lost, and the parties here appear to acknowledge that fact, estimating that a mere five percent of the class will file claims.  [Dkt. 56 at p. 9]. Based on counsel for Parmelee's nearly 30 years of experience in litigating class actions under the FDCPA and other consumer protection statutes (*see*, Exhibit D at ¶¶ 8, 11), a claim in rate of 5% is a failure; *see also*, *Gallego*, 814 F.3d at 129-130; a good FDCPA class settlement results in a claim-in rate of 15%-20%.  If that many individuals claimed in to the proposed class settlement here, each claimant would receive between 89 cents (15% claim in rate) and 66 cents (20% claim in rate) – hardly worth the cost of returning a claim form.  Moreover, there is no reason to require those individuals who actually paid some or all of a time-barred debt, based on Convergent deceptive and misleading collection letters, to file a claim form to receive their money back. Convergent knows the identity of those who paid, and should be able to return the money they paid directly to them (and Convergent should return ALL the improperly obtained money).

Limiting the scope of a class has the benefit of obtaining a real recovery for members of the class.  For example, counsel for Ms. Parmelee, David Philipps, also represents the plaintiffs in the *Gill* and *Vantuyl* matters.  In *Gill*, the putative class

numbers some 282 persons, *see*, *Gill v. Convergent Outsourcing, et al.*, S.D.Ohio No. 2:16-cv-01035-MHW-EPD at Dkt. 23, p. 7, while in *Vantuyl*, the putative class numbers some 314 persons, *see*, *Vantuyl v. Convergent Outsourcing, et al.*, W.D.Okla No. 5:16-cv-00812-D at Dkt. 22, p. 7.  In both of these cases, based on the defendants' net worth, each class members would be entitled to $1,000 in statutory damages and the return of all money paid on these time-barred debts.

Moreover, it is nothing short of shocking that the parties – Convergent in particular – failed to inform this Court of the other pending actions against it in other jurisdictions.  The parties should provide this Court with all pertinent information necessary to judge whether a class settlement is fair and reasonable, *see*, *Koby*, 846 F.3d at 1079; *Amchem Products*, 521 U.S. at 620, and *Smith v. Sprint*, 387 F. 3d at 614. The fact that Defendant Convergent has multiple other lawsuits pending against it setting forth similar claims which it is trying to resolve by absorbing them into an inadequate nationwide settlement is the sort of information that should have been provided to this Court.

Finally, the Class Action Settlement Agreement between the parties here provides for a release of:

> . . .  Defendants and their past or present directors, officers, employees, agents, insurers, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company and all of the subsidiary entities.

[Dkt. 56-1 at p.4, § J].  On its face, this provision would not cover the other debt collectors who are defendants in *Gill*, *Vantuyl* and *Jordan*.  Yet Defendant Convergent is already misusing this provision to attempt to stay cases involving those other debt

12

collectors – entities with substantial net worths – and claiming that the proposed

settlement will release those debt collectors from liability to members of the putative

class, even though no consideration has been paid by these other debt collectors to

resolve these lawsuits.  These other debt collectors are liable to the class members on

whose behalf Convergent sent the misleading form debt collection letters to collect time-

barred debts, *see*, *Janetos v. Fulton, Friedman & Gullace*, 825 F.3d 317, 325-326 (7th

Cir. 2016), yet they are being given a free ride on this inadequate settlement.

## CONCLUSION

For all the foregoing reasons, Christine Parmelee request that this Court allow

her to intervene in this matter, pursuant to Fed.R.Civ.P. Rule 24.

April 26, 2017

<div style="margin-left:40%">

Respectfully Submitted,

Christine Parmelee

By:  /s/ David J. Philipps
David. J. Philipps
Mary E. Philipps
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@ aol.com
mephilipps@aol.com

Brian R. Bromberg
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004
(212) 248-7906
brian@bromberglawoffice.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2017 a copy of the foregoing **Christine Parmelee's Motion to Intervene** was filed electronically.  Notice of this filing was sent to the following parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.

David Neal McDevitt                    dmcdevitt@consumerlawinfo.com
Michael Rolland                        mrolland@consumerlawinfo.com
Russell S. Thompson, IV                rthompson@consumerlawinfo.com
Thompson Consumer Law Group, PLLC
5235 East Southern Avenue
Suite D106-618
Mesa, Arizona  85206

Robbie Malone                          rmalone@mamlaw.com
Robbie Malone, PLLC
8750 North Central Expressway
Suite 1850
Dallas, Texas 75231

Brian R. Bromberg                      brian@bromberglawoffice.com
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004

/s/ David J. Philipps____
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Robert Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com