# EXHIBIT B

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK
## ROCHESTER DIVISION

Christine Parmelee, individually    )
and on behalf of all others    )    No. 17-CV-6039
similarly situated,    )
   )    **Jury Demanded**
        Plaintiff,    )
   )
        v.    )
   )
Convergent Outsourcing, Inc.,    )
   )
        Defendant.    )

## CLASS ACTION COMPLAINT

Plaintiff, Christine Parmelee, individually, and on behalf of all others

similarly situated, brings this action under the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692, *et seq.*, for a finding that Defendant's debt collection

actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and

28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

### PARTIES

3.     Plaintiff, Christine Parmelee ("Parmelee"), is a citizen of the State of

New York, and a resident of Geneva, New York, from whom Defendant attempted to

1



collect a delinquent consumer debt that she allegedly owed for a Citizens One Auto Finance account.

4.      Defendant, Convergent Outsourcing, Inc. ("Convergent"), is a Washington corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts originally owed to others.  Convergent operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New York.  In fact, Defendant Convergent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5.      More than ten years ago, Ms. Parmelee fell behind in paying her Citizens One Auto Finance debt.  Sometime after that debt became delinquent, it was allegedly obtained by Defendant Convergent, which began trying to collect upon it, by sending Ms. Parmelee collection letters dated January 18, 2016 and March 15, 2016.  Copies of these letters are attached as Group Exhibit A.

6.      Ms. Parmelee read each letter shortly after receiving them in the mail.

7.      The statute of limitations in the State of New York for collecting the delinquent car loan at issue was, pursuant to New York CPLR § 213, six years from the date of the last payment.  Defendant's letters are headed "Settlement Offer",

and repeatedly mention settling the debt. Only on the reverse side of the letter, buried at the very bottom, does the letter contain the statement that:

> We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance.

*See* Group Exhibit A at pp. 2, 4.

8.      The letters fail to explain why Defendant Convergent cannot sue to collect the debt – for example stating that a law suit is barred by the statute of limitations or that, because of the age of the debt, the consumer cannot be sued for it.  Moreover, by stating that "we" cannot sue to collect the debt, Convergent leaves open the possibility that Plaintiff could still be sued on the debt by the creditor.

9.      Defendant's violations of the FDCPA were material because Defendant was attempting to collect a debt which was legally unenforceable. The use of the word "settlement" in a letter can imply, to the least sophisticated consumer, that a legally enforceable obligation still exists. *See McMahon v. LVNV Funding*, 744 F.3d 1010, 1021-1022 (7th Cir. 2014). This unlawful collection attempt could potentially deceive Plaintiff to pay to resolve a debt that is no longer collectible – particularly when the attempted disclaimer appears on the reverse side at the bottom of the pages after a slew of other disclosures.

10.      Even worse, Defendant's violation created a risk of real harm to Plaintiff, in that the letters made it more likely that Plaintiff would inadvertently revive a time-barred debt, transforming a legally unenforceable debt into a legally enforceable debt.

11.   When it enacted the FDCPA, Congress found "abundant evidence of the use of abusive deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

12.   Congress further declared that "[i]t is the purpose of [the FDCPA] . . . to eliminate abusive debt collection practices by debt collectors . . . ." *Id.* at § 1692(e).

13.   As further explained below, Defendant's violations of the FDCPA were certainly the kind of misleading and unfair practices Congress hoped to eliminate when it enacted the FDCPA. Moreover, by creating a risk that Plaintiff would spend money to pay a legally unenforceable debt without first fully understanding her options, and creating a risk that Plaintiff would revive a time-barred debt without understanding the consequences of her actions, Defendant certainly increased Plaintiff's exposure to the dangers (such as personal bankruptcy) that Congress hoped the FDCPA would eliminate.

14.   Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

15.   Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. *See Altman v. J.C. Christensen & Assoc,*, 786 F.3d 191, 193-94 (2d Cir. 2015); *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993).

## COUNT I
### Violation Of § 1692e(5) Of The FDCPA –
### False, Deceptive or Misleading Statements

16.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

17.    Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take. *See* 15 U.S.C. § 1692e(5).

18.    Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA. *See Phillips v. Asset Acceptance*, 736 F.3d. 1076, 1079 (7th Cir. 2013); *McMahon*, 744 F.3d at 1019-1022; *Buchanan v. Northland Group*, 776 F.3d 393, 398-399 (6th Cir. 2015).

19.    Although Defendant's letters included a partial disclaimer, that disclaimer was ineffective because it: a) failed to explain that the reason it could not sue was because the debt was time-barred; b) was buried at the bottom of the reverse side of the letter; and c) failed to state that the creditor could not legally sue on the debt. Moreover, Defendant, by offering to settle the debt, implied that the debt was still legally enforceable.

5

20.   The least sophisticated consumer, who does not have a law-school education or experience practicing contract law, would not understand how the statute of limitations works before reading Defendant's letters – and the letters would only confuse the least sophisticated consumer still further.

21.   By demanding payment of a time-barred debt, without adequately disclosing the above facts, Defendant made false, deceptive or misleading statements, in violation of § 1692e of the FDCPA.

22.   Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair or Unconscionable Collection Actions

23..   Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

24.   Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. *See* 15 U.S.C. § 1692f.

25.   Although Defendant included a partial disclaimer, that disclaimer was ineffective because it: a) failed to explain that the reason it could not sue was because the debt was time-barred; b) was buried at the bottom of the reverse side of the letter; and c) failed to state that the creditor could not legally sue on the debt.

6

Moreover, Defendant, by offering to settle the debt, implied that the debt was still legally enforceable.

26.    The least sophisticated consumer, who does not have a law-school eduction or experience practicing contract law, would not understand how the statute of limitations works before reading Defendant's letters – and the letters would only confuse the least sophisticated consumer still further.

27.    Defendant, by sending letters to Ms. Parmelee to collect on a debt which was time-barred, without adequately disclosing that fact, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

28.    Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See* 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

29.    Both counts are brought by Plaintiff Christine Parmelee, individually and on behalf of a Class consisting of consumers with New York State addresses, as follows:

> All consumers with New York state addresses, who: (a) within one year of January 17, 2017; and (b) who Defendant Convergant claimed owed a debt to Citizens One Auto Finance; (c) were sent a debt collection letter by Defendant Convergant substantially similar to either of the letters attached as <u>Group Exhibit A</u>; (d) such letter was not returned by the postal service as undelivered; and (e) who had not made any payment on such alleged debt to Citizens One Auto Finance or any of its representatives

7

or assigns for at least six years before receiving such letter.

30.     This action seeks a finding that Defendant's collection letters violate the FDCPA, and asks that the Court award class members actual damages as authorized by § 1692k(a)(1) of the FDCPA and statutory damages as authorized by § 1692k(a)(2) of the FDCPA.

31.     Defendant regularly engages in debt collection, using collection letters similar to those it sent Plaintiff Parmelee, in its attempts to collect delinquent consumer debts from other consumers.

32.     The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers collection letters similar to those it sent Plaintiff Parmelee.

33.     Plaintiff Parmelee's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or

substantially impair or impede their ability to protect their interests.  Convergent has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

35.     Plaintiff Parmelee will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Convergent's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Parmelee has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Christine Parmelee, individually and on behalf of all others similarly

situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff Parmelee as Class Representative of the Class, and her attorneys as Class Counsel;

3.     Find that Defendant's collection letters violate the FDCPA;

4.     Enter judgment in favor of Plaintiff Parmelee and the Class, and against Defendant, for actual and statutory damages, costs, and reasonable attorney fees as provided by § 1692k(a) of the FDCPA; and

5. Grant such further relief as deemed just.

JURY DEMAND

Plaintiff, Christine Parmelee, individually and on behalf of all others similarly situated, demands trial by jury.

Dated:  January 17, 2017

Christine Parmelee, individually and on behalf of all others similarly situated,

By: /s/ Brian L. Bromberg
One of Plaintiff's Attorneys

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Tel: (212) 248-7906
Fax: (212) 248-7908
brian@bromberlawoffice.com
jonathan@bromberglawoffice.com

David J. Philipps (Ill. Bar No. 06196285) (*Pro hac vice* to be filed shortly)
Mary E. Philipps (Ill. Bar No. 06197113) (*Pro hac vice* to be filed shortly)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
Tel: (708) 974-2900
Fax: (708) 974-2907
davephilipps@aol.com
mephilipps@aol.com

# Group Exhibit A



ATERSO01
PO Box 1022
Wixom MI 48393-1022
CHANGE SERVICE REQUESTED

Convergent Outsourcing, Inc.
800 SW 39th St./PO Box 9004
Renton, WA 98057
Mon-Fri 8AM-5PM
877-838-0012

Date: 01/18/2016
Creditor: Citizens One Auto Finance
Client Account #:
Convergent Account #



Christine S Parmelee

NY

Settlement In Full: $4,356.50

| | |
|---|---|
| Principal: | $7,142.63 |
| Interest: | $3,608.61 |
| Misc Costs: | $ 140.00 |
| Total Balance: | $10,891.24 |

---

Settlement Offer

Dear Christine S Parmelee:

This notice is being sent to you by a collection agency. The records of Citizens One Auto Finance show that your account has a past due balance of $10,891.24.

Our client has advised us that they are willing to settle your account for 40% of your total balance due to settle your past balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 60 days of this letter. Your settlement amount would be $4,356.50 to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer to you in the future.

#2339

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**

---

**3 CONVENIENT WAYS TO PAY:**

Pay Online: Email our office or pay your bill online with your credit/debit card or checking account at www.payconvergent.com. Your temporary identification number is: 13.9034265.511

Pay by Phone: Please call Convergent Outsourcing, Inc. at 877-838-0012. We offer check by phone, Western Union, and debit card.""We offer check by phone, Western Union, and credit/debit card.

Pay by Mail: Send Payments to Convergent Outsourcing, Inc., PO Box 9004, Renton WA 98057-9004

EXHIBIT
Group A

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT   BEFORE MAILING, PLEASE ENSURE RETURN A

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Notice about Electronic Check Conversion:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. Also, you authorize us to represent a check as an electronic fund transfer from your account if your payment is returned unpaid.

New York City Department of Consumer Affairs
License Number 1099671 in Washington State. License Number 1249050 in Texas. License Number 1099672 in Arizona.
You may call Sophear Chan at the toll free telephone number on the front side of this letter during normal business hours.

Debt collectors, in accordance with the federal Fair Debt Collection Practices Act, 15 *USC* §1692 *et seq.*, are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

    i) The use or threat of violence;

    ii) The use of obscene or profane language; and

    iii) Repeated phone calls made with the intent to annoy, abuse, or harass.

"If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
    1. Supplemental security income, (SSI);
    2. Social security;
    3. Public assistance (welfare);
    4. Spousal support, maintenance (alimony) or child support;
    5. Unemployment benefits;
    6. Disability benefits;
    7. Workers' compensation benefits;
    8. Public or private pensions;
    9. Veterans' benefits;
    10. Federal student loans, federal student grants, and federal work study funds; and
    11. Ninety percent of your wages or salary earned in the last sixty days."

We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance.



ATERSO01
PO Box 1022
Wixom MI  48393-1022
CHANGE SERVICE REQUESTED

APR 0 7 2016

Convergent Outsourcing, Inc.
800 SW 39th St /PO Box 9004
Renton, WA 98057
Mon-Fri 8AM-5PM PT
877-838-0012

Date:  03/15/2016
Creditor: Citizens One Auto Finance
Client Account #: ▆▆▆▆▆▆

Convergent Account # ▆▆▆▆▆▆

Christine S Parmelee
▆▆▆▆▆▆
▆▆▆ NY ▆▆▆▆

Settlement In Full: $3,811.93
Principal:          $10,751.24
Misc Costs:         $ 140.00
Total Balance:      $10,891.24



# 2339
second letter
Settlement Offer

Dear Christine S Parmelee:

This notice is being sent to you by a collection agency.  The records of Citizens One Auto Finance show that your account has a past due balance of $10,891.24.

Our client has advised us that they are willing to settle your account for 35% of your total balance due to settle your past balance.  The full settlement must be received in our office by an agreed upon date.  If you are interested in taking advantage of this offer, call our office within 45 days of this letter.  Your settlement amount would be $3,811.93 to clear this account in full.  Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer to you in the future.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**NOTICE:  PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**



### 3 CONVENIENT WAYS TO PAY:

Pay Online: Email our office or pay your bill online with your credit/debit card or checking account at www.payconvergent.com.  Your temporary identification number is: 13.9034265.511

Pay by Phone:  Please call Convergent Outsourcing, Inc. at 877-838-0012. We offer check by phone, Western Union, and debit card.""We offer check by phone, Western Union, and credit/debit card.

Pay by Mail:  Send Payments to Convergent Outsourcing, Inc., PO Box 9004, Renton  WA 98057-9004

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Notice about Electronic Check Conversion:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. Also, you authorize us to represent a check as an electronic fund transfer from your account if your payment is returned unpaid.

New York City Department of Consumer Affairs
License Number 1099671 in Washington State.  License Number 1249050 in Texas.  License Number 1099672 in Arizona.
You may call Sophear Chan at the toll free telephone number on the front side of this letter during normal business hours.

Debt collectors, in accordance with the federal Fair Debt Collection Practices Act, 15 *USC* §1692 *et seq.*, are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
   i) The use or threat of violence;

   ii) The use of obscene or profane language; and

   iii) Repeated phone calls made with the intent to annoy, abuse, or harass.

"If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
   1. Supplemental security income, (SSI);
   2. Social security;
   3. Public assistance (welfare);
   4. Spousal support, maintenance (alimony) or child support;
   5. Unemployment benefits;
   6. Disability benefits;
   7. Workers' compensation benefits;
   8. Public or private pensions;
   9. Veterans' benefits;
   10. Federal student loans, federal student grants, and federal work study funds; and
   11. Ninety percent of your wages or salary earned in the last sixty days."

We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance.