# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO
### COURT FILE NO.: 16-cv-825-PAB

| | |
|---|---|
| Devonn Ross, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>Convergent Outsourcing, Inc. and LVNV Funding, LLC,<br><br>    Defendants. | **THERESA MATTHEWS AMENDED MOTION TO INTERVENE** |

Theresa Matthews ("Matthews"), individually and on behalf of all others similarly situated, moves for leave to intervene in this action, pursuant to Fed. R. Civ. P. 24, and requests that the Court permit her to intervene to contest the fairness of, and conduct discovery concerning the fairness of, the proposed settlement in this case. In support of her Motion, Matthews states that:

1.   Matthews is a resident of the state of Minnesota, from whom Defendant Convergent Outsourcing, LLC ("Convergent") attempted to collect a delinquent, time-barred consumer debt.

2.   On November 16, 2016, Matthews filed a class action complaint in the U.S. District Court for the District of Minnesota, in the matter of *Matthews v. Convergent Outsourcing, Inc.*, No. 16-cv-03924-JNE-BRT, setting forth that Convergent's debt collection form letter violated several provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Minn. Stat. § 541.053. Matthews seeks to represent a class of similarly situated Minnesota consumers who received a similar or identical collection letter from Convergent in an attempt to collect upon an alleged debt owed to creditors Sprint and T-Mobile.

3.      The parties here, by broadening the class definition to encompass a myriad of different letters used by Convergent and expanding the class nationwide, now claim that Matthews and the individuals she seeks to represent in Minnesota are part of the putative class in this action.

4.      On March 6, 2017, Convergent moved to stay Matthews' lawsuit against it in Minnesota, on the basis of the pending certification of a nationwide class in this matter. On March 13, 2017, Matthews filed her response to Convergent's motion for stay.

5.      On April 14, 2017, the parties in the *Ross* case filed a joint motion for conditional class certification and preliminary approval of class settlement, seeking to certify a settlement class of an alleged 3,761,584 individuals who will share in a $500,000 statutory damages settlement, with an additional capped amount of $500,000 in potential actual damages for eligible class members. Dkt. 56 at p. 3, 11.

6.      The proposed class definition and release is grossly overbroad and the proposed settlement is unfair, is inadequate, and will result in a woefully inadequate recovery for members of the proposed nationwide class. The FDCPA's limit on additional damages in class actions in 15 U.S.C. § 1692k(a)(2)(B) further supports the conclusion that certification of a nationwide class in this case is not the most beneficial resolution for putative class members across the country.

7.      The proposed nationwide class settlement attempt and the process that led to it indicate signs of lop-sided and collusive reverse auction whereby Convergent is attempting to deprive Matthews and the Minnesota Class, and the putative class members in other states, of fair and adequate relief for their injuries. Further, by agreeing to this settlement that does not provide adequate compensation for, and will release all claims related to, the substantial harm Convergent caused to millions of consumers across the country, Matthews believes that Devonn Ross ("Ross")

2

and her counsel do not adequately represent her interests, or the interests of the putative Minnesota Class in this matter.

8.        Matthews and the Minnesota Class claim an interest in the property or transaction that is the subject of this action, and the potential approval of the parties pending nationwide class settlement will impair her interests and the interests of the putative Minnesota Class of consumers she seeks to represent.

9.        Thus, Matthews timely seeks intervention as of right in this matter, pursuant to Fed.R. Civ. P. 24(a)(2), or in the event that this Court does not find that Matthews can intervene as a matter of right, she then requests permission to intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B), as her FDCPA claims share common questions of law or fact.

10.       A memorandum in support of this Motion is being filed herewith, providing more specific facts, points, and authorities in support of this Motion.

WHEREFORE, Matthews hereby requests leave to intervene in this matter.

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

Theresa Matthews ("Matthews"), individually and on behalf of all others similarly situated ("Minnesota Class"), submits the following memorandum of law in support of her Motion to intervene in this matter. Matthews also joins with Christine Parmelee ("Parmelee"), Jeremy Estrella ("Estrella") and Tamara Alexander ("Alexander") in this request for intervention and also supports and relies upon the Parmelee, Estrella and Alexander memorandums in support of their respective motions to intervene and other supporting documents submitted therewith. *See* Dkt. 62; Dkt. 63; and Dkt. 64.

## INTRODUCTION

The parties' proposed certification of an overly broad nationwide settlement class in this

case will result in a completely inadequate recovery for Matthews and the members of the putative

Minnesota Class she seeks to represent. Convergent Outsourcing, Inc. ("Convergent") is

attempting to obtain an incredibly broad release for its potentially millions of discrete violations

of the law, from millions of consumers who it has harmed, all at a massively discounted cost.

Matthews and the putative Minnesota Class have an interest in the property and litigation at issue

in this case and seek to protect these interests. Therefore Matthews timely requests that this Court

permit her to intervene in this matter, to contest the fairness of, and conduct discovery concerning

the fairness of, the proposed settlement in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    Matthews v. Convergent.

Matthews is a resident of Minnesota, from whom Convergent attempted to collect a

defaulted time-barred consumer debt that she allegedly owed for a defaulted cellular telephone bill

to both T-Mobile and Sprint. Convergent sent Matthews initial collection letters dated June 23,

2016. *See* Exhibit A. The collection letters were entitled "Settlement Offer" and in addition to

offering various lump sum settlement amounts the letter stated that a payment plan could be

negotiated. The letter did not contain any language whatsoever indicating that the debt was past

the applicable statute of limitations, that Convergent or any other entity would not sue Matthews

to collect upon the debt, or that a partial payment may restart the limitations period pursuant to

state law. Convergent was on notice that its corresponding collection activities may likely be in

violation of federal law. *See, e.g., Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513

(5th Cir. 2016); *Luther v. Convergent Outsourcing, Inc.*, No. 15-10902, 2016 U.S. Dist. LEXIS

56456 (E.D. Mich. Apr. 28, 2016). Nonetheless, it targeted Matthews (and upon information and

belief, many other Minnesotans) in its unlawful collection scheme in hopes of collecting money

on a time-barred debt from her. In both letters (Exhibit A), Defendant Convergent asserted "We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance." This statement violated Minn. Stat. § 541.053 and therefore 15 U.S.C. §§ 1692d, 1692e(10) and 1692f.

On November 16, 2016, Matthews filed her class action complaint in the U.S. District Court for the District of Minnesota, in the matter of *Matthews v. Convergent Outsourcing, Inc.*, No. 16-cv-03924-JNE-BRT, alleging that Convergent's debt collection form letter violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Minnesota Statute § 541.053 specifically provides that after the statute of limitations has expired, a time-barred debt cannot be revived by the collection of a payment on the account., and requesting that the case be certified as a class action comprised of

> *ALL CONSUMERS IN THE STATE OF MINNESOTA WHO RECEIVED LETTERS, IDENTICAL OR SIMILAR TO THE LETTERS ATTACHED AS EXHIBITS 1 AND 2, ATTACHED TO THE COMPLAINT, WITHIN ONE (1) YEAR FROM THE DATE OF THE FILING OF THIS ACTION.*

*See* Exhibit B.

On March 6, 2017, Convergent moved to stay Matthews' lawsuit, on the basis of the "pending" certification of a nationwide class in this matter, before the parties here had moved for class certification, and even before this Court had granted leave for Devonn Ross ("Ross") to file her second amended complaint—which sought to dramatically expand the proposed class definition to encompass a variety of different letters used by Convergent and expanded the proposed class from Colorado-only to nationwide. *See* docket report attached as Exhibit C. The District of Minnesota court granted the motion to stay for only a limited period of sixty days (60) on May 24, 2017. *See* Exhibit D.

## II.   Ross v. Convergent.

On February 23, 2017, long after the deadline for amended pleadings had expired in this case, Ross suddenly motioned the court for unopposed leave to file a second amended complaint, which inter alia, dramatically expanded the class definition to represent a nationwide class for the very first time. Dkt. 38. On April 14, 2017, the parties in this action filed a joint motion for conditional class certification and preliminary approval of class settlement, seeking to certify a national settlement class as follows:

> All persons in the United States to whom Convergent sent, within one year before the filing date of the original complaint in this action, a collection letter in connection with the collection of a time-bared [sic] debt that uses the term "settlement offer," proposes a partial payment on the debt, or requires the consumer to contact it within 45 days to obtain a discount on the debt.
> Dkt. 56 at p. 8.

### III.  Other Pending Statewide Class Cases.

Apparently, besides Matthews's case, there are at least nine other pending statewide class actions in various federal district courts across the country. Dkt. 63 at p. 6.  More importantly, neither Convergent nor Ross apprised the Court of these pending class cases against Convergent prior to seeking preliminary approval of their proposed class settlement and motion to certify a nationwide class, despite the fact that the class claims asserted in these cases, along with the claims of allegedly millions of other consumers, would be released along with the claims of Matthews and the putative Minnesota Class, via the parties lopsided settlement agreement. *See* Dkt. 56-1 at p. 4. Convergent, with the assistance of Ross, now hope thwart the ability of these plaintiffs to obtain fair and adequate compensation in more narrowly-tailored statewide actions that won't unnecessarily and unfairly release Convergent and its third party clients from all liability for the harm that it has caused nationwide, without providing adequate compensation to millions of consumers.

6

**LEGAL STANDARD**

Rule 24 of the Federal Rules of Civil Procedure provides for both intervention as a matter of right and permissive intervention, *see* Fed. R. Civ. P. 24(a) and (b).

> A movant is entitled to intervention as a matter of right if "(1) the [motion] is timely, (2) the [movant] claims an interest to the property or transaction which is the subject of the action, (3) the [movant's] interest may be impaired or impeded, and (4) the [movant's] interest is not adequately presented by existing parties."

*Onyx Props. LLC v. Bd. of Cty. Comm'r of Elbert Cty.*, No. 10-cv-01482-LTB-KLM, 2013 U.S. Dist. LEXIS 115547, at *5 (D. Colo. Aug. 15, 2013) (quoting *Oklahoma ex rel. Edmondson v. Tyson Foods*, 619 F.3d 1223, 1231 (10th Cir. 2010)). Rule 24 also allows this Court to confer intervenor status on any person who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

**ARGUMENT**

**I.    Matthews' Motion for Intervention Is Timely.**

"The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Elliott Indus. v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005) (internal quotation marks and citation omitted). Matthews files this Motion approximately seven (7) days after the Minnesota District Court granted Convergent a limited sixty (60) day stay. *See* Exhibit D. It is timely under the circumstances.

**II.   The Interests of Matthews and the Putative Minnesota Class That She Seeks to Represent Will Be Impaired if This Court Certifies the Proposed Class and Approves of the Parties' Proposed Settlement.**

Inter alia, Matthews joins in the following assessment of proposed intervenor Parmelee:

The parties now seek to certify a nationwide class of some 3,761,584 individuals to

7

share in a $500,000 statutory damages settlement, with an additional $500,000 in potential actual damages (Dkt. 56 at 3, 11) for the unknown amount of money Convergent has wrongfully collected on time-barred debts for its Co-Defendant LVNV Funding, LLC and a number of other undisclosed clients/co-defendants.

By the terms of the proposed settlement, even if only 5% of the putative class members file claims—the parties' own "estimated response rate" (Dkt. 56 at 9)— the result is that 188,079 individuals will receive a paltry $2.66 each. Additionally, although individuals who actually paid some or all of a time-barred debt based on a deceptive and misleading collection letter may receive a return of some unknown amount of money they paid—if they file a claim form—the parties have failed to inform this Court how much money Convergent actually collected. Thus it is not possible to determine whether the $500,000 in actual damages represents anything more than a mere drop in the bucket.

Dkt. 62 at p. 4-5.

No complicated arithmetic is required to assess why Convergent is so eager for this Court to certify an overly broad and unnecessary national class and to approve its inadequate and overly broad settlement and release. On its face the proposed agreement would harm the interests of Matthews and the putative Minnesota Class that she seeks to represent. The proposed national class settlement on these terms would clearly dilute the relief that could be obtained by Matthews on behalf of herself and the putative Minnesota Class. *See, e.g.*, *Graff v. United Collection Bureau, Inc.*, 132 F. Supp. 3d 470, 482 (E.D.N.Y. 2016) (rejecting nationwide FDCPA class settlement attempt because "plaintiffs commenced this action on behalf of the New York class, but during the course settlement negotiations expanded the action to encompass the Nationwide class. This change has several effects, not the least of which is to dramatically decrease the value assigned to each class action plaintiff while broadly increasing the protection afforded to defendant.").

The FDCPA simply does not limit the amount of FDCPA class action suits that can be filed

against a defendant, and the statutory class action damages cap in 15 U.S.C. § 1692 is separately applied to each action.  *See Sanders v. Jackson*, 209 F.3d 998, 1002 (7th Cir. 2000)

("[T]here is no provision that limits defendants being exposed to more than one FDCPA class action lawsuit, which is exactly what happened to the defendant in this case."); *see also Zimmerman v. Wicker & Assocs., P.C.*, No. 09-3905 (RMB/JS), 2011 U.S. Dist. LEXIS 2161, at *17-19 (D.N.J. Jan. 10, 2011) ("The [Truth in Lending Act] specifically limits the total recovery 'in any class action or series of class actions arising out of the same failure to comply by the same creditor [to no] ... more than the lesser of $500,000 or 1 per centum of the net worth of the creditor.' 15 U.S.C. §1640(a)(2)(B). The FDCPA does not contain a reference to a 'series of class actions.'"). When there are consumers across the country, such as Estrella, Parmelee, and Alexander (to name only three), who are willing to serve as representatives for more narrowly tailored statewide class actions, this legitimate threat of significant dilution becomes even more likely to impair the interests of consumers who have been harmed by a defendant's unlawful conduct.

As the class representative plaintiff for the putative Minnesota Class, or in an individual action, Matthews would be entitled to recover the full $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2). FDCPA statutory damages are capped at the lesser of $500,000, or 1% of the net worth of the defendant, per case. 15 U.S.C. § 1692k(a)(2)(B)(ii). Thus, if Convergent's net worth is $500,000 or greater and there are 500 Minnesota class members, then each one of the Minnesota class members could be awarded statutory damages of $1,000. But if the parties' nationwide class settlement proposal is approved, even if all of the alleged (approximate) 3,700,000 class members submit a claim to share in the $500,000 proposed statutory settlement fund, they will receive only $0.13 each. If half of the alleged nationwide class members opt in, they will receive only $0.27 each. And even if only 10% of the nationwide class members file a

claim, they will receive only $1.35 each.

Convergent's attempt to sweeten its proposed class settlement by throwing in another $500,000 into an "actual" damages pot is really just putting lipstick on a pig.[1] Any argument by the parties that actual damages would be difficult to prove—thus anything that the putative class members get from the proposed settlement to compensate is better than nothing—is not convincing. Just like the lack of evidence of Convergent's net worth, the $500,000 proposed actual damages pot is not supported by any actual evidence or documentation connecting it to amounts *actually* collected from the putative class members.[2] Apparently, the parties ask this Court to approve an actual damages settlement fund on blind faith: that a conditional $500,000 "enhanced benefit payment" fund (which could ultimately be much less) spread out amongst millions of absent class members, who have been determined to have paid amounts to Convergent by an unnamed class administrator, and have filed approved claim forms, will somehow provide adequate compensation for all of the money that Convergent collected as a result of its unlawful collection practices during the class period. Dkt. 56-1 at p. 11.

The parties' proposed release of all claims that could be pursued by consumers across the country is incredibly broad, and includes even state law claims and other potential causes of action

---

[1]   The fact that Matthews herself did not pay any money to Convergent does not prohibit her from representing a Minnesota class seeking compensation for actual damages resulting from Convergent's unlawful collection practices. *See, e.g., Keele v. Wexler*, 149 F.3d 589, 593-94 (7th Cir. 1998) ("The [FDCPA] is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not. So long as Keele's and the class members' injuries arose out of the same violative conduct, she may properly represent [a class seeking actual damages].").

[2] *See Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 396 (C.D. Cal. 2007) ("For Plaintiffs to have brokered a fair settlement, they must have been armed with sufficient information about the case to have been able to reasonably assess its strengths and value.").

that have not even been asserted by Ross in its numerous complaints, and no matter who Convergent was collecting for when it violated the law. *See* Dkt. 56-1 at p. 4. Bald assertions that such actual damages may be "difficult" to prove through common evidence do not mean that the potential (and largely unassessed) claims for actual damages suffered by millions of absent class members across the country should be released for little to nothing (if they do not submit a claim or the claim form is found to be lacking). Further, basic logic dictates that Convergent operates a highly automated national collection operation, to collect alleged debts that are owed to third party entities, and that Convergent must keep adequate records of the funds that it collects for these third parties—including the amounts it collected, when collected, from whom it collected, and on behalf of which client it collected. Moreover, the additional $500,000 (maximum) in actual damages to be divvied up amongst eligible class members in the proposed nationwide settlement, and the parties' unsupported reassurances that absent class members should just be satisfied with what they get in this proposed nationwide settlement, simply does not make up for the massive dilution of damages that could be recovered on a per class member basis in an Minnesota-only class that has been filed by Matthews (let alone the other statewide actions).

The parties have simply not offered a compelling reason, or sufficient evidence in support, as to why this Court should certify the parties' proposed nationwide class and to approve the parties' proposed nationwide class settlement in this case. Of course, Convergent has a very good justification for wanting this Court to approve an incredibly broad nationwide class and an equally broad and unnecessary nationwide settlement and release: no doubt this settlement will save it a lot of money by not having to adequately compensate for the significant harm it has caused.

**III.    The Interests of Matthews and the Putative Minnesota Class Are Not Being Adequately Represented by Convergent or Ross.**

The "inadequate representation element of Rule 24(a)(2) also presents a minimal burden" to Matthews as she must only "show only the possibility that representation may be inadequate." *WildEarth Guardians v. Nat'l Park Serv*., 604 F.3d 1192, 1200 (10th Cir. 2010). The facts highlighted above are enough evidence that Matthews' interest, and that of the putative Minnesota Class that she seeks to represent, is not being adequately protected by Ross or Convergent. But in addition to the fact that Ross and Convergent have proposed a broad nationwide class settlement that will dilute the claims of Matthews and the putative Minnesota Class, Matthews is concerned that the proposed nationwide settlement attempt by the parties appears to be the product of an improper "reverse auction." The highlight of a reverse auction is when a defendant seeks out "the most ineffectual class lawyers to negotiate a settlement in the hope with in the hope that the district court will approve a weak settlement that will preclude other claims." *Reynolds v. Benefit Nat'l Bank*, 288 F.3d 277, 282 (7th Cir. 2002); *see also In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig*., 55 F.3d 768, 788 (3d Cir. 1995).

These concerns about the adequacy of representation by Ross are fueled by the parties' previous submissions in this case; the timing of the proposed settlement agreement and the motion for class certification shortly after a sudden motion to seek leave to file a second amended complaint asserting a nationwide class for the very first time and the lack of any formal discovery and any hard evidence to support the class size, damages assessments, the actual net worth of Convergent, or the requisite Rule 23 factors. Particularly disconcerting is plaintiff counsel's admissions that he is satisfied to rely upon Convergent's undocumented statements regarding class size and damages (with no corresponding discovery under oath), and that he simply accepts that the maximum that consumers around the country that he seeks to represent could comprehensively

only obtain $500,000 in statutory damages to split amongst themselves, despite case law to the contrary. *See* Dkt. 56-2, p. 3 at ¶¶13-18. Moreover, it is also disconcerting that plaintiff's counsel appears to have begun negotiations on behalf of a national class of consumers by discussing his attorney fees, starting with a "claims made" fund, rather than actual payments to the consumers he seeks to represent, and a 10-25% recovery of the potential total of actual damages that could be recovered through litigation (when he didn't even know what those were). *Id.* Further fueling these concerns regarding adequate representation is the agreement to an overly broad release that includes the release of any and all state law claims and third parties; and (crucially) the fact that the parties failed to disclose the existence of at least nine other statewide class actions to this Court before it motioned for nationwide class certification and preliminary approval of a settlement that will release the potential claims of millions of consumers, including those of the named plaintiffs and putative class members in these other pending class cases, including Matthews'.

## IV.    CONCLUSION

For the foregoing reasons, and given these legitimate concerns regarding the adequacy of representation set forth herein, Matthews respectfully seeks status as an intervenor in this case so that she, along with Parmelee, Estrella and Alexander, may help to protect her own interests, the interests of the putative Minnesota Class that she seeks to represent who have been similarly harmed by Convergent's unlawful debt collection practices.

## L.R. 7.1(a) CERTIFICATION

Thomas J. Lyons Jr., one of the counsel for Theresa Matthews, states that before this Motion was filed he conferred with counsel for plaintiff, Mr. McDevitt and counsel for defendant, Ms. Olson, by email on May 29, 2017, but was not successful in obtaining agreement on these issues and both of the current parties oppose this Motion.

Dated this 1st day of June, 2017.

By:  s/Mark Vavreck.


Mark L. Vavreck, Esq.
MN Attorney I.D. #:  0318619
GONKO & VAVRECK PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:  (612) 659-9220
mvavreck@cgmvlaw.com

Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. #: 249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommy@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF THERESA MATTHEWS*

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on June 1, 2017, a copy of the foregoing **THERESA MATTHEWS'**
**AMENDED MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF**
**MOTION** was filed electronically. Notice of this filing was sent to the following parties by
operation of the Court's electronic filing system. The parties may access this filing through the
Court's system.

| | |
|---|---|
| David Neal McDevitt<br>dmcdevitt@consumerlawinfo.com<br>Michael Rolland<br>mrolland@consumerlawinfo.com<br>Russell S. Thompson, IV<br>rthompson@consumerlawinfo.com<br>Thompson Consumer Law Group, PLLC<br>5235 East Southern Avenue Suite D106-618<br>Mesa, AZ 85206 | Robbie Malone<br>rmalone@mamlaw.com<br>Robbie Malone, PLLC<br>8750 North Central Expressway Suite 1850<br>Dallas, TX 75231 |
| Brian R. Bromberg<br>brian@bromberglawoffice.com<br>Bromberg Law Office, P.C.<br>26 Broadway, 21st Floor<br>New York, NY 10004 | David J. Phillips<br>davephillips@aol.com<br>Phillips & Phillips, Ltd.<br>9760 S. Roberts Rd. Suite 1<br>Palos Hills, IL 60465 |
| Karen L. Kellett<br>kkellet@kblawtx.com<br>Kellett & Bartholow PLLC<br>1130 N. Central Expy., Ste. 301<br>Dallas, TX 75243 | Kelly Donovan Jones<br>kellydonovanjones@gmail.com<br>819 Morrison Street, Suite 255<br>Portland, OR  97214 |
| Michael Fuller<br>michael@underdoglawyer.com<br>Olsen Daines P.C.<br>111 SW 5th Avenue, Suite 3150<br>Portland, OR  97204 | |

By:  s/Mark Vavreck
Mark L. Vavreck, Esq.
MN Attorney I.D. #:  0318619
GONKO & VAVRECK PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:  (612) 659-9220
mvavreck@cgmvlaw.com