**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
COURT FILE NO.: 16-cv-825-PAB**

| | |
|---|---|
| Devonn Ross, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Convergent Outsourcing, Inc. and LVNV Funding, LLC,<br><br>Defendants. | |

Theresa Matthews Motion to Intervene

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.:_____

| | |
|---|---|
| THERESA MATTHEWS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CONVERGENT OUTSOURCING, INC,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Theresa Matthews, individually, and on behalf of all others similarly situated, brings this class action complaint for damages against Convergent Outsourcing, Inc., under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA" or the "Act"), because the Defendant's form collection letter violates 15 U.S.C. §§ 1692e(5); 1692e(10); and 1692f of the Act, and state:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred here, Plaintiff resides in this district, and Defendant transacts business here.

## PARTIES

4. Plaintiff Theresa Matthews (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Convergent Outsourcing, Inc., (hereinafter "Defendant"), is a collection agency operating from an address of 800 SW 39th Street Renton, WA 98057 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) of the FDCPA because it regularly collects or attempts to collect debts by using the U.S. mail or telephone for that purpose.

## FACTUAL SUMMARY

6. Plaintiff allegedly incurred a financial obligation with Sprint, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. Plaintiff allegedly incurred a financial obligation with T-Mobile, USA, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

8. The alleged obligations were primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

9. Plaintiff's alleged debts were consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime around June 2016.

10. On or about June 23, 2016, Defendant communicated directly with Plaintiff via U.S. mail in an attempt to collect the debts, which were both communications in an attempt to collect a debt as that term is defined by 15

U.S.C. § 1692a(2).

11. The letters dated June 23, 2016 were the first written communications Plaintiff received from Defendant in connection with the collection of these debts. (*See* attached Exhibit 1 and 2).

12. In the letters dated June 23, 2016, Defendant wrote the following, "We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance."

13. Defendant's statement, specifically the portion that claims a partial payment allows them to revive the ability to sue to collect the balance, is false and misleading.

14. Defendant employed false and deceptive means in an attempt to collect these debts in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10).

15. As mentioned, the conduct of Defendant is a violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(5); 1692e(10); and 1692f.

## CLASS ALLEGATIONS

1. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> *ALL CONSUMERS IN THE STATE OF MINNESOTA WHO RECEIVED LETTERS, IDENTICAL OR SIMILAR TO THE LETTERS ATTACHED AS EXHIBITS 1 AND 2, ATTACHED TO THE COMPLAINT, WITHIN ONE (1) YEAR FROM THE DATE OF THE FILING OF THIS ACTION.*

16. Defendant regularly engages in debt collection using the same form collection letter it sent to Plaintiff in its attempt to collect from other consumers.

17. The Class, upon information and belief, consists of more than fifty (50) people from whom Defendant attempted to collect consumer debts by sending other consumers the same form letter sent to Plaintiff.

18. The Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

19. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not a party to the adjudication, or substantially impair or impede their ability to protect their interests. The Defendant has acted in a manner applicable to the Class as a whole that warrants relief.

20. Plaintiff Theresa Matthews will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is

not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because the Defendant's conduct was perpetrated on all members of the Class, and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions involving class actions and consumer protection laws, including the FDCPA.

### Respondeat Superior Liability

21. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff – further described herein – were committed within the time and space limits of their agency relationship with their principal, Defendant.

22. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

23. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

24. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect

this debt from Plaintiff.

*Summary*

25. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

26. Defendant's violations of FDCPA provisions denied Plaintiff access to truthful information, which is a concrete form of informational injury under Article III, and the denial of that information is on its own sufficiently concrete. *See Church v. Accretive Health, Inc.,* 2016 WL 3611543 (July 6, 2016).

27. Defendant's violations of FDCPA provisions illustrates the risk of tangible harm from debt-collector misrepresentations, which is an increased risk of harm that itself supports standing here.

28. Defendant's actions constitute an injury that is personal to Plaintiff, and is not a nonjusticiable generalized grievance.

29. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

33. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully asks that a judgment be entered against Defendant for:

- An award of actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); An award of costs and reasonable attorneys' fees in favor of Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

7

- An order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class; and

- Such other and further relief as may be just and proper.

Dated this 31st day of October, 2016.     Respectfully submitted,

*s/ Mark L. Vavreck*
Mark L. Vavreck
MN Bar No. 318619
**GONKO & VAVRECK, PLLC**
Designer's Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: 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
Facsimile: 612-659-9220
mvavreck@cgmvlaw.com

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
Email: tommycjc@aol.com

*ATTORNEYS FOR PLAINTIFF*

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESTOA )
) ss
COUNTY OF Hennepin )

I, Theresa Matthews, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant USAA, cause unnecessary delay to Defendant USAA, or create a needless increase in the cost of litigation to Defendant USAA, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Theresa Matthews

Subscribed and sworn to before me
This 31st day of October, 2016.

_____
Notary Public

KATELYN PATRICIA SLACK
NOTARY PUBLIC - MINNESOTA
My Commission Expires 01/31/2021

9